UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

DMITRY YANUSHKEVICH,

    Plaintiff,

    v.

FRY'S ELECTRONICS, INC., et al.,

    Defendants.

Case No. 15-cv-04830-BLF

**ORDER SUBMITTING PLAINTIFF'S MOTION TO COMPEL FURTHER SITE INSPECTION WITHOUT ORAL ARGUMENT AND VACATING HEARING; AND GRANTING MOTION**

[Re: ECF 16]

In this disability discrimination action, Plaintiff Dmitry Yanushkevich alleges that he lost his sight as a child and thus is a "physically disabled person" and a "physically handicapped person" as those terms are used in federal and state law. *See* Compl. ¶ 6. He sues Fry's Electronics, Inc. ("Fry's") under the federal American with Disabilities Act ("ADA") and state law, alleging that on multiple occasions he encountered architectural barriers at the Fry's Electronics retail store ("the Store") located in Palo Alto, California.[1] Compl. ¶¶ 14-19.

Under this Court's General Order 56, the parties and their counsel, accompanied by experts if the parties so elect, must conduct a joint inspection of the premises that are the subject of an ADA claim. The joint inspection of the Store and its adjacent parking lot took place on March 11, 2016. During the inspection, Plaintiff's expert, Bassam Altwal, was not permitted to open an emergency door and thus was not able to determine the pressure required to open the emergency door or its closing speed. The post-inspection correspondence between Plaintiff's counsel and

---

[1] The complaint also names as defendants SI43, LLC and SI11, LLC on the basis that they "purchased and/or took possessory control of the premises now known as Fry's Electronics ('Store')" in December 2011. Compl. ¶ 11.

Fry's counsel, as well as the declaration of Fry's expert, Kim Blackseth, reveals that Mr. Blackseth made a unilateral determination that Mr. Altwal did not "need" to open the emergency door. *See* Correspondence, Exhs. A-C to Karbelashvli Decl., ECF 16-2, 16-3, 16-4; Blackseth Decl., Exh. 21. Mr. Blackseth voiced that opinion to Fry's management personnel, who then refused to disable the alarm on the emergency door to permit Mr. Altwal to open it. Blackseth Decl. ¶ 5, ECF 21.

On March 26, 2016, Plaintiff filed the present motion to compel a further site inspection so that Mr. Altwal can fully inspect the emergency door. Plaintiff noticed the motion for hearing on July 28, 2016, but the caption of the motion contained the phrase "Administrative Relief." *See* Pl.'s Mot., ECF 16. Fry's responded to the motion as though it were an administrative motion, and complained that Fry's was not given sufficient time to respond. *See* Def.'s Orig. Opp., ECF 17. Given the confusion regarding the nature of Plaintiff's motion, the Court granted Fry's leave to file a substitute opposition brief, replacing its original opposition brief in its entirety, on or before May 12, 2016. *See* Order re Briefing on Motion to Compel Site Inspection, ECF 19. The Court also granted Plaintiff leave to file a reply to any substitute opposition brief on or before May 19, 2016. *Id.* Fry's filed its substitute brief, erroneously captioned as a "Supplemental Opposition," on May 12, 2016, *see* Def.'s Substitute Opp., ECF 20, and Plaintiff filed a reply brief on May 13, 2016, *see* Pl.'s Reply, ECF 22.[2]

Having reviewed the parties' briefing, the Court concludes that Plaintiff's motion is appropriate for disposition without oral argument. *See* Civ. L.R. 7-1(b). Accordingly, the motion to compel further site inspection is hereby SUBMITTED for decision and the hearing set for July 28, 2016 is VACATED.

The Court has no difficulty determining that Plaintiff is entitled to a further site inspection, such inspection to include opening the emergency door. Under Ninth Circuit law, "[a]n ADA plaintiff who has Article III standing as a result of at least one barrier at a place of public

---

[2] Given the Court's order granting Fry's leave to "file a *substitute* opposition brief, replacing its current opposition brief in its entirety," the Court considers only the substitute brief filed on May 12, 2016, ECF 20, and not Fry's original opposition brief, ECF 17.

2

accommodation may, in one suit, permissibly challenge all barriers in that public accommodation that are related to his or her specific disability." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 950-51 (9th Cir. 2011) (internal quotation marks and citation omitted). An ADA plaintiff may sue based upon barriers that he himself has not encountered but that were "identified in his expert's site inspections." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1047 (9th Cir. 2008). Thus if the emergency door constitutes a barrier, Plaintiff may challenge it in this lawsuit even though he admittedly has not used the emergency door.

Unless otherwise limited by a court order, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1) (as amended eff. Dec. 1, 2015). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

Fry's argues that the "burden" of disarming the emergency door alarm to permit it to be opened for inspection "is outweighed by the relevancy" of the discovery that would have been obtained by a full inspection of the door. In support of that argument, Fry's presents the declaration of its expert, Mr. Blackseth, who opines that under California law the Store was required to have only one accessible means of egress; the store's "main door" satisfied the code section; and the emergency door was not a primary source of ingress and egress. Blackseth Decl. ¶ 6.[3] Based on those facts, Mr. Blackseth concluded that, "[i]n my professional opinion, there was no need for Plaintiffs to require disarming a fire escape door because access was met by the use of another existdoor [sic]-namely the front entrance." *Id.* ¶ 8.

The Court is unpersuaded that the "burden" of disarming the emergency door alarm

---

[3] Plaintiff objects to consideration of Mr. Blackseth's declaration, because it was submitted on May 13, 2016, the day after the deadline for Fry's substitute opposition to Plaintiff's motion. Because it does not appear that Plaintiff was prejudiced by the late filing, the Court in the exercise of its discretion will consider Mr. Blackseth's late-filed declaration.

3

1  outweighed the likely benefit of a full inspection of the door.  As discussed above, if the

2  emergency door constitutes a barrier – for example, because it requires too much pressure to open

3  or closes too quickly – Plaintiff has standing to assert such barrier in this lawsuit, even if it is

4  discovered for the first time during the site inspection.  Plaintiff was not required to accept Mr.

5  Blackseth's opinion that the Store's "main door" satisfied all legal requirements.  In the event that

6  Plaintiff – after completing discovery – asserts claims based on the emergency door, Fry's of

7  course may defend based on the legal argument raised in Mr. Blackseth's declaration.  However,

8  assertion of that legal defense *during a site inspection* was completely inappropriate.  Fry's was

9  not entitled to limit Plaintiff's inspection of the premises based upon its own unilateral

10  determination regarding the merits of any potential claims Plaintiff might bring.  This is

11  particularly true where, as here, the "burden" of the discovery was quite minimal, and would have

12  required that the door alarm be disabled only briefly.  Fry's has not cited any authorities

13  supporting its "burden" argument under these circumstances.

14  Accordingly, Plaintiff's motion to compel a further site inspection is GRANTED.  During

15  the further inspection, the alarm on the emergency door shall be disabled to permit full inspection

16  of the emergency door, including opening and closing the door.  The further site inspection shall

17  be completed on or before August 21, 2016.

18  IT IS SO ORDERED.

20  Dated:  July 21, 2016

_____
BETH LABSON FREEMAN
United States District Judge