UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMITRY YANUSHKEVICH,<br><br>    Plaintiff,<br><br>v.<br><br>FRY'S ELECTRONICS, INC., et al.,<br><br>    Defendants. | Case No. 15-cv-04830-BLF (SVK)<br><br>**REPORT AND RECOMMENDATION ON UNOPPOSED APPLICATION BY DEFENDANTS SI 11, LLC AND SI 43, LLC FOR DETERMINATION OF GOOD FAITH SETTLEMENT**<br><br>Re: Dkt. No. 33 |

Plaintiff brings this action under the federal Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and several California statutes, contending that defendants failed to provide full and equal access to a facility located at 340 Portage Avenue in Palo Alto, California that is owned by Defendants SI 11, LLC and SI 43, LLC (collectively, "Landlords") and leased to Defendant Fry's Electronics, Inc. ("Tenant"). Landlords agreed to settle with Plaintiff for a payment of $7000 and certain injunctive relief. Landlords then filed an application requesting that the Court determine that the settlement is in good faith. (ECF 33.) Tenant, who has not settled with Plaintiff, filed a non-opposition to Landlords' application for determination of good faith settlement. (ECF 34.) District Judge Beth L. Freeman referred the Landlords' application to the undersigned for a report and recommendation. (ECF 36.)

Pursuant to Civil Local Rule 7–1(b), I conclude that the application is appropriate for determination without oral argument. Having considered the briefing, I RECOMMEND that the Court GRANT Landlords' unopposed application and find that the settlement between Plaintiff and Landlords was made and entered into in good faith within the meaning of California Code of Civil Procedure § 877.6.

///

I.  **LEGAL STANDARD**

In "an action in which it is alleged that two or more parties are joint tortfeasors or co-obligors on a contract debt," California Code of Civil Procedure § 877.6 permits a court to determine whether a settlement between the plaintiff and one or more defendants was made in good faith. *See* Cal. C. Civ. Proc. § 877.6(a). "A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the setting tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." Cal. C. Civ. Proc. § 877.6(c).

Section 877.6 has two objectives: equitable sharing of costs among parties at fault and encouragement of settlements. *Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal. 3d 488, 494 (1985). To determine whether a settlement was made in good faith under this statute, the Court must consider a number of factors, including: (1) a rough approximation of the plaintiff's total recovery and the settlors' proportional liability; (2) the amount paid in settlement; (3) the allocation of settlement proceeds among plaintiffs; (4) the recognition that a settlor should pay less in settlement than he would if he were found liable after trial; (5) the financial conditions and insurance policy limits of the settling tortfeasor; and (6) the existence of collusion, fraud, or tortious conduct intended to injury the interests of the non-settling parties. *Id.* at 499. "Practical considerations" require that the evaluation "be made on the basis of the information available at the time of settlement[,] and a defendant's settlement figure must not be grossly disproportionate to what a reasonable person, at the time of the settlement, would estimate the settling defendant's liability to be." *Id.* (internal quotation marks and citation omitted).

II.  **DISCUSSION**

    **A.   The good faith settlement procedure of Section 877.6 is available in this case**

An initial question is whether the good faith settlement procedure of section 877.6 is available in this federal case claiming violations of the ADA and various California statutes. "[S]ection 877.6 procedures do not govern a federal action [but] the substantive provisions … are applicable." *Fed. Sav. & Loan Ins. Corp. v. Butler*, 904 F.2d 505, 511 (9th Cir. 1990). Thus, in

appropriate cases, federal courts have evaluated settlements under section 877.6. *See, e.g., Jette v. Orange Cnty. Fin. Inc.*, No. 2:08-cv-01767-GEB-KJM, 2010 WL 3341561, at *2 (E.D. Cal. Aug. 23, 2010) *and cases cited therein*.

A good faith settlement determination under section 877.6 is available only in actions "in which it is alleged that two or more parties are joint tortfeasors or co-obligors on a contract debt," however. Cal. C. Civ. Proc. § 877.6(a)(1); *see also Forman v. Gov't Employees Ins. Co.*, 920 F. Supp. 1065, 1066 (N.D. Cal. 1996). The key issue here is whether landlord and tenant co-defendants in an ADA case can be considered "joint tortfeasors" within the meaning of section 877.6. The "joint tortfeasor" requirement is construed broadly. *See Topa Ins. Co. v. Fireman's Fund Ins. Cos.*, 39 Cal. App. 4th 1331, 1341 (1995); *see also Kohn v. Superior Court*, 142 Cal. App. 3d 323, 332 (1983) ("Nothing in [section 877.6] limits its application to personal injury actions or to noncommercial lawsuits," and if an action "requires determination of the 'negligence' or 'fault' of various defendants, the principles of Code of Civil Procedure section 877.6 apply to settlements made by the defendants."). Section 877.6 has been applied in cases involving other federal statutes. *See, e.g., Bob Parrett Const., Inc. v. Superior Court*, 140 Cal. App. 4th 1180, 1188 n. 5 (2006) (holding that section 877.6 applies to claims under to federal False Claim Act and Anti-Kickback Act because both statutes "may give rise to joint and several liability," which is "a tort concept").

Landlords and tenants each have an independent obligation to comply with the ADA's prohibitions against discrimination, which apply to "any person who owns, leases (or leases to), or operates a place of public accommodation." *Botosan v. Paul McNally Realty*, 216 F.3d 827, 832 (9th Cir. 2000) (quoting 28 U.S.C. § 12182(a)); *see also Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 974 (9th Cir. 2015) ("[A] landlord and tenant are jointly liable for ADA violations in the tenant's establishment regardless of any contractual provisions that shift liability (citations omitted)); 28 C.F.R. § 36.201(b) ("Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part."). The landlord and tenant may allocate responsibility for compliance with the ADA in their lease, but that allocation is effective

3

only between the parties and has no effect on the rights of third parties. *See* 28 C.F.R. § 36.201(b); *Botosan*, 216 F.3d at 833; *Rush*, 779 F.3d at 974 ("Either co-defendant is free to seek indemnification from the other, but that does not affect an ADA plaintiff's right to recovery" (citations omitted)). Consistent with the fact that landlords and tenants are jointly liable for ADA violations, several courts in the Ninth Circuit have analyzed settlements in ADA cases under section 877.6. *See, e.g., Loskot v. The Dog House*, No. C-11-04867 JSC, 2013 U.S. Dist. LEXIS 9306, at \*6-7 (N.D. Cal. Jan. 23, 2013) (granting application for determination that settlement between plaintiff and landlord in ADA case was made in good faith); *Kemper v. Sierra Towing*, No. 2:05-CV-0158-MCD-DAD, 2006 U.S. Dist. LEXIS 33551, at \*4 (E.D. Cal. Apr. 20, 2006) (same).

Accordingly, in this case Landlords may seek a determination under section 877.6 as to whether their settlement with Plaintiff is in good faith.

### B. **Plaintiff's settlement with Landlords satisfies the requirements for a good faith settlement**

Next, the court must consider the *Tech-Bilt* factors to determine whether the settlement was made in good faith. Under the terms of the settlement, Plaintiff agreed to release and dismiss his claims against Landlords in exchange for a settlement payment of $7000. ECF 33-1 at § 3. The settling parties also entered into a consent decree, which was entered by the Court, stating that Landlords will perform corrective work at the property that is the subject of this lawsuit. ECF 32. Plaintiff and Tenant have not reached a settlement. ECF 34 at 2.

Landlords contend that their payment of $7000 is reasonable because "their liability is limited to those areas under [Landlords'] control, i.e. the parking lot" whereas "[t]he majority of Plaintiff's claims arise out of claimed architectural barriers inside the Property." ECF 33 at 7; ECF 33-1 at ¶ 6. Landlords point out that the settlement was reached after the parties had "the opportunity to exchange discovery and conduct site investigations with their experts." ECF 33 at 7; ECF 33-1 at ¶ 4. Landlords also note that the settlement terms take into consideration that the settlement will eliminate the expense and uncertainty of trial. ECF 33 at 7; ECF 33-1 at ¶ 7.

Landlords contend that there was no collusion or fraud aiming to injure the interests of the non-settling Tenant and that Landlords have no interest in harming Tenant, with whom Landlords "have a long-standing business relationship that they desire to protect and maintain." ECF 33 at 7; ECF 33-1 at ¶ 8.

Although Landlords' application does not present a complete picture of the financial considerations in this case—such as information about how much money or other relief Plaintiff seeks from Tenant or Landlords' financial condition or insurance policy limits—it appears that the monetary and injunctive relief to be provided by Landlords as part of the settlement is not insignificant. There is no basis for the Court to conclude that the settlement is not roughly proportional to Landlords' potential liability. Significantly, Tenant does not dispute any of Landlords' assertions as to the sufficiency of the settlement and agrees that the Court can deem the settlement in good faith. ECF 34 at 3.

Accordingly, I RECOMMEND that the Court determine that Plaintiff's settlement with Landlord was made in good faith.

### III. **CONCLUSION**

For the reasons stated, I RECOMMEND that the Court GRANT the unopposed Application for Determination of Good Faith Settlement. Any party may file objections to this Report and Recommendation within fourteen days. Fed. R. Civ. P. 72(a); Civ. L.R. 72-2.

**SO ORDERED.**

Dated: May 11, 2017

_____
SUSAN VAN KEULEN
United States Magistrate Judge